### JOHN FINNEGAN v. KATE SULLIVAN.

1. A CLERICAL ERROR IN PETITION SHOULD BE DISREGARDED.

   A clerical error in a petition, the year being given as 1893 instead of 1894, should be disregarded.

2. WITNESS MAY GIVE THE WHOLE OF CONVERSATION INQUIRED ABOUT THOUGH ORIGINAL INQUIRY INCLUDED ONLY PART.

   Witnesses called in rebuttal of plaintiff's testimony concerning a conversation, were properly allowed, upon cross-examination, to testify further as to things said in the same conversation and not inquired about of the plaintiff.

3. MOTION TO RULE OUT INCOMPETENT SHOULD NOT INCLUDE COMPETENT PROOF.

   After incompetent evidence has been received without objection, a motion to rule out all that was said, if part of the testimony was competent, is too broad and was properly overruled.

ERROR to the Court of Common Pleas.

SMITH, J.

The trial judge properly overruled the motion in arrest of judgment. The petition averred that on September 12, 1892, the plaintiff and defendant below (Finnegan), entered into a contract of marriage, the same to be consummated by a marriage in September, 1893. It further averred that she has ever since been ready and willing to marry him, but that on October 15, 1893, defendant declared to plaintiff that he never would marry her, and absolutely refused to do so at any time. As the petition was filed April 10, 1893, it is evident that there is a clerical error in saying that the refusal was in October, 1893, instead of 1892. This should be disregarded, particularly as no objection was taken to this until after verdict, and the proof shows that it was in 1892.

At the trial, plaintiff, on cross-examination, was asked whether she had not stated to two other persons in January or February, 1893, that she did not care for defendant, that all she wanted was his money, and she denied it. Afterwards defendant called the persons named to testify that the plaintiff had so said in a conversation with them at the time named; that plaintiff was angry at the time and said much more that witness did not care to repeat, and on cross-examination further testified that plaintiff had told her that defendant had sometimes came to her home after October 15, 1892, and insulted her and made indecent proposals to her. The defendant objected to this evidence, but it was admitted, and, as we think, properly, it being a part of the same conversation as to which defendant had examined witness in chief.

The plaintiff was afterwards again called in her own favor, and over the exceptions of the defendant was allowed to testify that in the same conversation testified to by the defendant's witness, she (plaintiff) had said to the witness that she and defendant had been engaged to be married, but that he had broken it off; that the defendant, after October 15, 1892, had made indecent proposals to her. This, like the other, was part of the same conversation, and was competent.

It was not then excepted to, but after plaintiff had testified in answer to the testimony of a witness for defendant as to what was said by her at the funeral of the wife of the defendant (and which was competent), defendant moved to rule out all that she had said, and excepted to the ruling of the court in refusing to do so. If part of it had been incompetent, the motion was too broad and was properly overruled.

The judgment will be affirmed with costs—no penalty.

*Blackburn, Hounshell & Rhyno*, for plaintiff in error.

*Smith & Martin, contra.*